UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOEL PATTERSON, ET AL., <br><br> *Appellants*, <br><br> v. <br><br> MAHWAH BERGEN RETAIL GROUP, INC., <br><br> *Appellee*. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 3:21-cv-00167-DJN |

### MOTION OF APPELLEE MAHWAH BERGEN RETAIL GROUP, INC., TO CONSOLIDATE APPEALS BEFORE SINGLE JUDGE

Pursuant to Federal Rules of Bankruptcy Procedure 8003(b) and 8013 and this Court's Rule 7, Appellee Mahwah Bergen Retail Group, Inc. respectfully moves to consolidate this bankruptcy appeal with the following related bankruptcy appeals currently pending in this Court: (1) *Patterson v. Michaella Corp.*, No. 3:21-cv-00166-JAG, and (2) *Fitzgerald v. Mahwah Bergen Retail Group, Inc.*, No. 3:21-cv-00205-JAG. Appellee further respectfully moves to assign the resulting consolidated appeals to Judge Novak, who is currently supervising this appeal—the first and principal appeal among the three appeals. On April 15, 2021, Appellee conferred with the appellants to these appeals regarding this motion. One appellant, the United States Trustee, does not oppose the motion. The other appellants, Joel Patterson and Michaella Corporation, have not provided their official position on the motion. In support of the motion, Appellee states as follows:

1. These three appeals arise out of the jointly administered bankruptcy cases of Appellee and its affiliates. Specifically, on July 23, 2020, Appellee (formerly known as Ascena Retail Group, Inc., or "Ascena")) and sixty-three of its affiliates (collectively, with Appellee, the

1

"Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Virginia.

2.   Prior to filing for chapter 11 relief, the Debtors had entered into a Restructuring Support Agreement (the "RSA"), then supported by more than two-thirds of the Debtors' prepetition secured term lenders (the "Term Lenders"). Shortly thereafter, the Debtors filed their *Joint Chapter 11 Plan of Reorganization of Ascena Retail Group, Inc. & Its Debtor Affiliates* (the "Original Plan") to implement the restructuring transaction contemplated by the RSA. Consistent with the RSA, the Original Plan would have, among other things, converted the debt held by the Debtors' Term Lenders into equity in the Reorganized Debtors.

3.   As the bankruptcy cases progressed, the Debtors pivoted from the debt-to-equity conversion set forth in the Original Plan to three consummated sale transactions by which the Debtors would effectively complete the sale of substantially all their assets while preserving operations and jobs at over 1,200 of the Debtors' brick and mortar stores. The last of the three sale transactions closed on December 23, 2020. Those transactions ultimately generated over $650 million in proceeds. The RSA was amended following the sale transactions, as was the Debtors' Original Plan (resulting in the "Amended Plan") to provide for, among other things, distribution of sale proceeds and an orderly wind down of the Debtors' remaining assets and operations.

4.   The Amended Plan provided for payment in full in cash on the Amended Plan's effective date of priority and administrative claims and any amounts outstanding under the Debtors' debtor-in-possession term loan and asset-based financings. The Term Lenders would receive their pro rata share of the remaining cash subject to a carveout for general unsecured creditors (consisting of $7.25 million in cash and potential proceeds from certain pending litigation), who in turn would receive a pro rata distribution from a trust established for their benefit

and a possible waiver of any avoidance action against holders of general unsecured claims. Holders of equity interests would not receive any distribution. The Debtors anticipate having cash reserved on the effective date of the Amended Plan well in excess of what will be necessary to pay all allowed administrative, priority, and other claims or amounts required to be paid under the Amended Plan.

5. As part of the holistic structure of the Amended Plan, the major stakeholders negotiated and included certain releases and exculpation provisions in the Amended Plan, several of which are at issue in these appeals. First, Article VIII.F ("Release by Holders of Claims or Interests")—also known as the "Third-Party Release"—states:

> [E]ach Releasing Party . . . is deemed to have released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors … based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, … or any other related agreement, or upon any other act, omission, transaction, agreement, event, or other occurrence (in each case, related to any of the foregoing) taking place on or before the Effective Date.

"Releasing Party" is defined to include, among others, all holders of claims and interests who do not timely opt out of or object to the Third-Party Release.

6. Second, Article VIII.G ("Exculpation") of the Amended Plan—also known as the "Exculpation Provision"—states:

> [N]o Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Cause of Action or any claim arising from the Petition Date through the Effective Date related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases . . . except for claims related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence.

3

"Exculpated Parties" is defined to include, among others, the Debtors and certain of their non-estate fiduciaries who played a critical role in the bankruptcy cases.

7.  Prior to the Debtors' solicitation of votes on their chapter 11 plan, on September 11, 2020, the Bankruptcy Court entered an order approving the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Reorganization of Ascena Retail Group, Inc. and Its Debtor Affiliates* (the "Disclosure Statement").  In conjunction with the Disclosure Statement, the Bankruptcy Court approved a "Notice of Non-Voting Status to Holders of Interests Deemed to Reject the Plan and of Third-Party Release under the Plan" to be sent to both current shareholders of Ascena and former shareholders of Ascena who purchased or otherwise acquired Ascena common stock between December 1, 2015 and May 17, 2017.  The Notice stated, *inter alia*, that under the Debtors' chapter 11 plan, "**you will be deemed to have released whatever claims you may have against many other people and entities (including company officers and directors) unless you return the enclosed 'Release Opt-Out Form' by October 13, 2020, at 5:00 P.M.** prevailing Eastern Time." (emphasis in original)

8.  An overwhelming majority of the Debtors' creditors voted in favor of the Amended Plan, as indicated by the classes that voted on the Plan or were otherwise deemed to accept the Plan.  On or before the applicable deadline, 596 parties submitted Release Opt-Out Forms (including 503 current or former shareholders).

9.  As relevant here, objections to the Amended Plan were raised by (1) Joel Patterson and Michaella Corporation (the "Securities Litigation Lead Plaintiffs"), and (2) the U.S. Trustee.  The Securities Litigation Lead Plaintiffs are the court-appointed lead plaintiffs in litigation commenced in the District of New Jersey against Ascena and certain former directors and officers

4

of Ascena.  Both the Securities Litigation Lead Plaintiffs and the U.S. Trustee objected to the Amended Plan on the basis that its Third-Party Release is impermissible.

10. In addition, the Securities Litigation Lead Plaintiffs filed a *Motion for Entry of an Order (I) Authorizing Lead Plaintiffs to Opt Out of Third-Party Releases on Behalf of the Class or, in the Alternative, (II) Certifying the Class for a Limited Purpose Pursuant to Fed. R. Bankr. P. 7023 and 9014 and Fed. R. Civ. P. 23* (the "Opt-Out Motion").  In the Opt-Out Motion, the Securities Litigation Lead Plaintiffs asked the Bankruptcy Court to allow them to opt-out of the Third-Party Release on behalf of all members of the putative class in their separate New Jersey litigation, or, in the alternative, to certify a class for the limited purpose of allowing them to opt-out of the Third-Party Release on behalf of all proposed class members.

11. After conducting a hearing, the Bankruptcy Court overruled the Securities Litigation Lead Plaintiffs' and the U.S. Trustee's objections to the Amended Plan, and it entered an order confirming the Amended Plan on February 25, 2021 ("Confirmation Order").  On March 5, 2021, all conditions to the effectiveness of the Amended Plan were satisfied and the Debtors emerged from chapter 11.  On March 9, 2021, the Bankruptcy Court issued a memorandum opinion further explaining its reasons for confirming the Amended Plan and overruling the objections ("Memorandum Opinion").

12. On March 5, 2021, the Bankruptcy Court entered an order denying the Securities Litigation Lead Plaintiffs' Opt-Out Motion ("Opt-Out Motion Order").

13. On March 11, 2021, the Securities Litigation Lead Plaintiffs noticed an appeal of the Confirmation Order and the Memorandum Opinion (the "First Appeal").  That appeal was docketed as *Patterson v. Mahwah Bergen Retail Group, Inc.*, No. 3:21-cv-00167-DJN, and

assigned to Judge Novak. In their docketing statement for the First Appeal, the Securities Litigation Lead Plaintiffs raise eight issues:

a. Whether the Bankruptcy Court lacked constitutional adjudicatory authority to approve the Third-Party Release, solely to the extent the Third-Party Release relates to and impact the claims and causes of action asserted, or that could be asserted, in the Securities Litigation by or on behalf of Appellants and the Putative Class against the Non-Debtor Defendants.

b. Whether the Bankruptcy Court lacked subject matter jurisdiction to approve the Third-Party Release, solely to the extent the Third-Party Release relates to and impact the claims and causes of action asserted, or that could be asserted, in the Securities Litigation by or on behalf of Appellants and the Putative Class against the Non-Debtor Defendants.

c. Whether the Bankruptcy Court erred in holding that Appellants do not have standing to object to the Third-Party Release.

d. Whether the Bankruptcy Court erred in finding that the "opt-out" Third-Party Release was consensual with respect to the Putative Class.

e. Whether the Bankruptcy Court erred in finding that the Debtors provided members of the Putative Class adequate information to allow them to make an informed decision concerning the Third-Party Release.

f. Whether the Bankruptcy Court erred in finding that the Debtors properly and adequately served notices of non-voting status and opt-out forms on members of the Putative Class.

g. Whether the Bankruptcy Court erred in finding that "any and all persons who did not want to be bound by the Third-Party Releases were able to effectively opt-out[,]" solely with respect to members of the Putative Class.

h. Whether the Bankruptcy Court erred in holding that the factors set forth by the Fourth Circuit in *Behrmann v. National Heritage Foundation*, 663 F.3d 704 (4th Cir. 2011) were satisfied.

14. Later on March 11, 2021, the Securities Litigation Lead Plaintiffs also noticed an appeal of the Opt-Out Motion Order (the "Second Appeal"). That appeal was docketed as *Patterson v. Michaella Corp.*, No. 3:21-cv-00166-JAG, and assigned to Judge Gibney.[1] According to the docketing statement, the Second Appeal raises two issues: (1) Whether the Bankruptcy

---

[1] The caption appears to be incorrect. "Michaella Corporation" is, with Patterson, one of the two Securities Litigation Lead Plaintiffs, and thus is one of the appellants. A more appropriate caption would be *Patterson v. Mahwah Bergen Retail Group, Inc.*, as in the First Appeal.

Court erred in holding that Appellants do not have inherent authority to opt out of the Third-Party Release in the Debtors' chapter 11 plan on behalf of all members of the putative class in the securities litigation; and (2) Whether the Bankruptcy Court erred in declining to apply Fed. R. Bank. P. 7023 to the contested matters created by the Opt-Out Motion and confirmation of the Debtors' chapter 11 plan.

15. Finally, on March 25, 2021, the U.S. Trustee noticed an appeal of the Confirmation Order as well as the Bankruptcy Court's earlier order approving the Disclosure Statement (the "Third Appeal"). That appeal was docketed as *Fitzgerald v. Mahwah Bergen Retail Group, Inc.*, No. 3:21-cv-00205-JAG, and assigned to Judge Gibney. In the docketing statement, the U.S. Trustee raises a single issue: Whether the Bankruptcy Court reversibly erred in approving the Third-Party Release and Exculpation Provisions included in the Debtors' chapter 11 plan and disclosure statement.

16. Consolidation of the three appeals is appropriate. All three appeals arise from the same jointly administered bankruptcy cases of the same Debtors. The Debtors are the appellees in all three appeals, and the First and Second Appeals have the same appellants. Moreover, all three appeals concern certain releases in the Debtors' Amended Plan—chiefly, the Third-Party Release, which the Securities Litigation Lead Plaintiffs and the U.S. Trustee challenge as impermissible (in the First and Third Appeals), and which gave rise to the Securities Litigation Lead Plaintiffs' Opt-Out Motion, the denial of which they challenge in the Second Appeal. Consolidation of these three closely related appeals for purposes of a single briefing schedule and argument plainly will "promote efficiency of the judicial process" and appropriately preserve judicial and party resources. *Federico v. Lincoln Mil. Hous.*, 2012 WL 4754595, at *2 (E.D. Va. Oct. 3, 2012).

17. Appellee respectfully submits that, once consolidated, the appeals should be assigned to Judge Novak, who has already been assigned to the First Appeal. Not only was the First Appeal the first of the three to be noticed for appeal, but it is clearly the principal appeal among the three appeals. The First Appeal contains eight issues—more than double the number of the issues in the Second and Third Appeals combined. Moreover, the two issues in the Second Appeal are intertwined with the First Appeal's eight issues (indeed, they are effectively moot if the Court were to rule in Appellants' favor in the First Appeal), and the single issue in the Third Appeal is largely encompassed by the First Appeal's eight issues. Because the First Appeal is the first and principal appeal among the three appeals, Judge Novak should preside over the consolidated appeals.

18. Should the Court consolidate the appeals before a single judge, the parties will confer regarding a single briefing schedule and submit that proposed schedule to the Court for approval.

19. No oral argument or hearing is necessary to resolve this motion.

20. On April 15, 2021, Appellee contacted the United States Trustee and the Securities Litigation Lead Plaintiffs to obtain their positions regarding this motion. The United States Trustee does not oppose the motion. The Securities Litigation Lead Plaintiffs have not provided their official position on the motion.

WHEREFORE, Appellee respectfully requests that this Court enter an order consolidating the appeals in Nos. 3:21-cv-00167-DJN, 3:21-cv-00166-JAG, and 3:21-cv-00205-JAG, and assigning the consolidated appeals to Judge Novak.

|  |  |
|---|---|
|  | Respectfully submitted, |
| GEORGE W. HICKS, JR. (*pro hac vice*)<br>ANDREW C. LAWRENCE (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>(202) 389-5000<br>george.hicks@kirkland.com<br><br>EDWARD O. SASSOWER, P.C.<br>STEVEN N. SERAJEDDINI, P.C.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(202) 446-4800<br><br>JOHN R. LUZE<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>(312) 862-2000 | /s/ *Cullen D. Speckhart*<br>CULLEN D. SPECKHART (VSB 79096)<br>*Counsel of Record*<br>OLYA ANTLE (VSB 83153)<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004<br>(202) 842-7800<br>cspeckhart@cooley.com |

*Counsel for Appellee Mahwah Bergen Retail Group, Inc.*

Date: April 26, 2021

9

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


Date: April 26, 2021

/s/ *Cullen D. Speckhart*
Cullen D. Speckhart