Nos. 3:21-cv-167-DJN (Lead Case), 3:21-cv-166 & 3:21-CV-00205 (Consolidated)

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

---

In re RETAIL GROUP INC., *et al.*, Debtors.

---

JOEL PATTERSON, *et al.* & JOHN P. FITZGERALD, III,
ACTING UNITED STATES TRUSTEE FOR REGION 4, Appellants,
v.
MAHWAH BERGEN RETAIL GROUP, INC., Appellee.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

---

**SUPPLEMENT TO BRIEF OF APPELLANT JOHN P. FITZGERALD, III,
ACTING UNITED STATES TRUSTEE FOR REGION 4**

---

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
SUMI SAKATA
Trial Attorney

Department of Justice
Executive Office for
United States Trustees
441 G Street, NW
Suite 6150
Washington, DC 20530
Tel: (202) 307-1399
sumi.sakata@usdoj.gov

JOHN P. FITZGERALD, III
Acting United States Trustee for Region 4
KATHRYN R. MONTGOMERY
Assistant United States Trustee
HUGH M. BERNSTEIN
Trial Attorney

Department of Justice
Office of the United States Trustee
701 East Broad Street
Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330
kathryn.montgomery@usdoj.gov
hugh.m.bernstein@usdoj.gov

Case 3:21-cv-00167-DJN   Document 40   Filed 07/09/21   Page 2 of 12 PageID# 43466

Per this Court's order of July 2, 2021, ECF No. 37, John F. Fitzgerald, III, the

Acting United States Trustee for Region 4, hereby supplements his opening brief in

this appeal from the order of the United States Bankruptcy Court of the Eastern

District of Virginia confirming Mahwah's plan of reorganization. The United States

Trustee respectfully submits the following to clarify certain issues raised in the Court's

order denying his limited motion for stay pending appeal, ECF No. 33 ("Order").

## I.      Issues related to the factual background.

### A.      The Special Committee did not assess the non-debtor releases.

This Court indicated that Mahwah had appointed a special committee of

disinterested directors to investigate the propriety of the Debtors' Releases, Third-

Party Releases, and Exculpation Clause. Order at 3-4. In fact, the Special Committee

investigated the claims and causes of actions that Mahwah had against other parties to

support the plan provision releasing Mahwah's claims—i.e., the Debtors' Releases.

App'x 2680 & 2717-18; Doc. 1759 ¶¶ 6-7. It was not part of the Special Committee's

charge to investigate any claims, known and unknown, that non-debtor parties had

against other non-parties, or whether the Third-Party Release and Exculpation Clause

inured to the benefit of the Releasing Parties. Doc. 1759 ¶¶ 6-7. Nor would it have

been appropriate for a committee of directors of the debtors to recommend the

extinguishment of other parties' rights (here, the non-debtor parties' rights) simply

because it felt those rights had no value.

**B. Mahwah's chapter 11 plan was separate from the sale of its assets.**

In its response to the stay motion, Mahwah implied that the plan saved tens of thousands of jobs and resulted in landlords receiving rent. ECF No. 27 at 21. As explained in the United States Trustee's reply, this is incorrect. ECF No. 28 at 10 n. 2. Three separate court orders approved the sale of Mahwah's assets as going concerns *prior* to submitting the chapter 11 plan that was subsequently confirmed. App'x 2259-61, 2262-64, 2265-67, 2320 at ¶ 5. Mahwah's liquidating plan, which contains the challenged non-debtor releases to which the government objects, simply directs who will receive Mahwah's cash. App'x 2320 at ¶ 5.

**II. Issues related to the legal argument.**

**A. The *Behrmann* factors apply to all non-debtor releases.**

In adopting a multi-criteria test to determine whether a bankruptcy court should approve a plan with a non-debtor release, the Fourth Circuit made no distinction between consensual and non-consensual releases. *Behrmann v. National Heritage Foundation*, 663 F.3d 704, 711-712 (4th Cir. 2011). Nor should this Court. To be sure, the Fourth Circuit adopted the multi-factor test from *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 658 (6th Cir. 2002), which involved a non-consensual release in a mass tort context. *Behrmann*, 663 F.3d at 711-12. But the Fourth Circuit nowhere held that test should be used only if there is no

possibility of opting out of the release;[1] rather it "commend[ed] [the criteria] to a

bankruptcy court when considering whether to approve nondebtor releases as part of

a final plan of reorganization," period. *Id.*

It makes sense to require consideration of all the *Behrmann* criteria for all non-

debtor releases. This ensures that the bankruptcy court is acting within its authority

and jurisdiction in extinguishing a non-debtor's claim against another non-debtor. *See*

*In re Continental Airlines*, 203 F.3d 203, 214 n.12 (3d Cir. 2000) (noting "with some

concern, that the Bankruptcy Court apparently never examined its jurisdiction to

release and permanently enjoin Plaintiffs' claims against non-debtors"). A bankruptcy

court is a court of limited jurisdiction, and "cannot simply presume it has jurisdiction

in a bankruptcy case to permanently enjoin third-party class actions against non-

debtors." *Id.* (citing 28 U.S.C. §§ 157, 1334; *Northern Pipeline Constr. Co. v. Marathon*

*Pipe Line Co.*, 458 U.S. 50 (1982)). The *Behrmann* criteria anchors any non-debtor

release to the requirements of a chapter 11 case.

> **B.      The Third-Party Release Provision is Non-Consensual**
>
>> **1.      The record does not support the bankruptcy court's finding
>> that all affected parties were provided sufficient notice.**

This Court deferred to the bankruptcy court's factual findings that notice was

provided to all affected parties. Order at 17-18. But this finding is not supported by

---

[1] Indeed, factor no. 6 in *Behrmann* requires that the court determine that "[t]he plan provides an opportunity for those claimants who choose not to settle to recover in full." 663 F.3d at 712.

the record.  The certificates of service submitted by Mahwah's noticing agent reflect

service of the disclosure statement materials only upon the classes of claimants treated

in Mahwah's plan—i.e., Mahwah's creditors and equity-holders—some former equity-

holders, and the core list of 65 notice recipients for Mahwah's case under Fed. R.

Bankr. P. 2002.  *See*:

- Bankr. ECF No. 720 at 49-54 (Class 4), 56-338 (Class 5); 340-471 (Class

  8); 473 – 482 (unimpaired claimants); 484 (core list of 65 recipients

  under Rule 2002);[2]

- Bankr. ECF No. 720-1 at 837 (Class 4); 839-849 (equity holder

  nominees); 851-61 (equity holder nominees and depositories);

- Bankr. ECF No. 744 at 38-40 (Class 5 general unsecured claimants), 42

  (impaired claimants), 44 (unimpaired claimants);

- Bankr. ECF No. 768 at 38-41 (Class 5 general unsecured claimants), 43-

  74 (Class 8 putative holders); 76 (Class 8 registered holders); 78-79

  (unimpaired claimants); and

---

[2]  A wider "Master Mailing Service List" of recipients was served the general notice of
a confirmation hearing in Mahwah's case, which was the same general notice
published in the New York Times and USA Today—a notice that did not reflect in
any way that claims released under the Third-Party Release would extend beyond
those held by Mahwah's creditors or equity holders.  Bankr. ECF No. 720 at 3 &
Exhibit L; App'x 985-986, 1558-1561.  Further, nothing in the record supports any
assertion that this list includes the broad universe of Releasing Parties.

- Bankr. ECF No. 942 at 38-75 (Class 5 general unsecured claimants), 77 (Class 8 impaired claimants), 79-95 (unimpaired claimants).

These certificates were how Mahwah tried to prove it gave sufficient notice to affected parties. App'x 2681. But they do not prove service of notice on the much wider universe of Releasing Parties defined by Mahwah's plan, including: all current and former employees, attorneys, accountants, or consultants of Mahwah; all current and former employees, attorneys, accountants, or consultants of Mahwah's creditors; and all current and former employees, attorneys, accountants, or consultants of Mahwah's shareholders. Appx. 2427. Disclosure statement materials are distributed to holders of claims or interests against a debtor so they may vote on a chapter 11 plan. 11 U.S.C. § 1125(c). And yet, given the unprecedented breadth of the Third-Party Release, Mahwah's plan extinguishes the property rights of an extensive range of non-debtors with no claim or interest against Mahwah. The general notice by publication of the confirmation hearing was insufficient to provide notice to parties who had nothing to do with the bankruptcy case that Mahwah's plan would terminate their rights against non-debtor parties. *See In re Johns-Manville Corp.*, 600 F.3d 135, 154-58 (2d Cir. 2010) (rejecting sufficiency of publication of notice of hearing to bind non-debtor party, who was not participant in bankruptcy proceeding, to third-party release).

The bankruptcy court's focus on any purported lack of objection to the "sufficiency of notice provided to any *class of claims*," Order at 17 (emphasis added), is

thus beside the point.  There is no shred of evidence that notice was provided to *all* affected parties, so the bankruptcy court's finding that notice was sufficient is unsupported by the record.  Absent notice, there cannot be consent. As the United States Trustee maintained from the beginning, the *Behrmann* standard must apply, even if this Court determines it applies only to non-consensual releases.

### 2.    Consent implied from a failure to opt-out or object is insufficient to avoid application of the *Behrmann* factors.

This Court cited to *In re Neogenix Oncology, Inc.*, 508 B.R. 345, 361 (Bankr. D. Md. 2014) for the proposition that bankruptcy courts can approve releases with the consent of the releasing parties.  Order at 13.  But the same court later held in the same case that the *Behrmann* factors must be applied equally to "implied consensual releases" as to "nonconsensual releases."  *In re Neogenix Oncology, Inc.*, Case No. 12-23557, 2015 WL 5786345, at *6 (Bankr. Md. Oct. 1, 2015).

The *Neogenix* court explained that *Berhmann* itself "provides sufficient guidance on whether a court should approve a release for which there is insufficient affirmation of consent."  *Id.*  It noted that one of the *Behrmann* factors is "whether the releasing party was given the opportunity to opt out of the release."  *Id.*; *see* fn. 1, *supra*.  It determined that it was "a matter of semantics to say that a release is given by 'implied consent' where the releasing party has the right to opt out but does not do so, as compared to saying a release is 'nonconsensual' under the very same facts."  *Id.*  Thus, whether a party had an opportunity to opt out of the release is not "the only or

overriding factor" under *Behrmann*.  *Id.*  Even if this Court were to hold that *Behrmann* need not apply to consensual releases, as the *Neogenix* court recognized, Fourth Circuit precedent requires that the consent be made expressly and affirmatively, and not by failure to opt-out or object.  *Id.*  The bankruptcy court's failure to apply *Berhmann* here was error as a matter of law.

### C.   Exculpation provisions act as a specific form of non-debtor release, and the Exculpation Clause falls outside the normal standard of exculpations.

This Court accepts the bankruptcy court's position that exculpation provisions are different than third-party releases.  Order at 19.  Yet, the bankruptcy court found support only in its own opinions for this proposition.  And the effect of exculpation—whether termed as raising the standard of liability, issuing qualified immunity, or simply releasing a very specific subset of non-debtor claims for actions taken in bankruptcy—is the same.  The exculpation provision prohibits parties from bringing claims they possess.  *See, e.g., In re Patriot Place, Ltd*, 486 B.R. 773, 823 (Bankr. W.D. Tex. 2013) (noting exculpation provisions "exculpate (or release from liability) non-debtor parties for actions taken during a bankruptcy case, unless the actions taken constitute gross negligence or are willful misconduct.").

Other than a very narrow exception,[3] no federal statute expressly allows the court to grant limited immunity to actors in bankruptcy cases; indeed, most courts simply appear to rely on the practice of other courts in permitting it.  *See, e.g., In re PWS Holding Corp.*, 228 F.3d 224, 245 (3d Cir. 2000) (noting exculpation clause "is apparently a commonplace provision in Chapter 11 plans"); *Blixseth v. Credit Suisse*, 961 F.3d 1074, 1085 (9th Cir. 2020) (citing *PWS* for same proposition).  And the Fourth Circuit has neither addressed nor approved exculpations in chapter 11 plans.  Given that no federal statute authorizes exculpations, there is no point in speculating whether an exculpation clause is "properly limited" or "complies with the applicable standards."  Order at 20.  If a court decides exculpations are permissible because it has already decided exculpations are permissible, then it appears free to expand the "applicable standards" as it sees fit.

That is what occurred here.  The bankruptcy court previously established applicable standards for exculpations in *In re Nat'l Heritage Foundation, Inc.*, 478 B.R. 216, 234 (Bankr. E.D. Va. 2012), and then departed from its own precedent in approving a provision that (1) exculpated parties far beyond those that performed "necessary and valuable duties" in the case, and (2) lacked a "gatekeeper function" that would have permitted the court to permit an action to go forward.  *Id.*; Appx.

---

[3] Section 1125(e) provides limited protection from enforcement of securities laws or regulations for the good faith solicitation of votes for or against a chapter 11 plan, even if that plan involves the offer or sale of securities.

2577-2578. Moreover, were the Fourth Circuit ever to justify exculpations, then such exculpations logically would not extend farther than exculpating estate fiduciaries "for actions within the scope of their duties." *PWS*, 228 F.3d at 246. The exculpation of "Exculpated Parties" here goes far beyond those "applicable standards."

Finally, here, while titled "Exculpation," the Exculpation Clause itself uses the term "released" regarding any relevant claims against the Exculpated Parties. App'x 2577. And the overlap in claims covered by the Third-Party Release and Exculpation Clause is striking; roughly fifteen lines in each clause use the same or substantially similar language. Appx. 2577-2578. Further, the clause purports to protect the Exculpated Parties from liability for any "violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan," without an express exception for "gross negligence" or "willful misconduct." App'x at 2578. Thus, the Exculpation Clause cannot fall within any exception to *Behrmann* that might arguably be made for "exculpations" as opposed to "third-party releases."

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to grant the relief requested in his opening brief.

Respectfully submitted,

July 9, 2021

JOHN P. FITZGERALD, III
ACTING UNITED STATES
TRUSTEE FOR REGION FOUR

By: /s/ *Kathryn R. Montgomery*
Kathryn R. Montgomery
Assistant United States Trustee
United States Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
SUMI SAKATA
Trial Attorney

Department of Justice
Executive Office for
United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel: (202) 307-1399
Fax: (202) 307-2397
sumi.sakata@usdoj.gov

JOHN P. FITZGERALD, III
Acting United States Trustee for Region 4
KATHRYN R. MONTGOMERY
Assistant United States Trustee
HUGH M. BERNSTEIN
Trial Attorney

Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330
kathryn.montgomery@usdoj.gov
hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 9th day of July 2021, a copy of the foregoing document was filed electronically in the United States District Court for the Eastern District of Virginia and that according to the Court's CM/ECF system, all parties entitled to service will receive service electronically.

/s/Kathryn R. Montgomery
Kathryn R. Montgomery