IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOEL PATTERSON, *et al.*,
    Appellants,

v.
                                                  Civil No. 3:21cv167 (DJN)

MAHWAH BERGEN RETAIL GROUP, INC.
    Appellee.

## ORDER
### (Requiring Supplemental Briefing)

This matter comes before the Court on its own initiative. The Court hereby ORDERS

that, not later than December 2, 2021, the parties shall file supplemental briefs, not to exceed

fifteen (15) pages, addressing the following issues:

1. Whether the sheer breadth of the non-debtor releases alone, including the breadth of the

    parties deemed to release and be released, as well as the range of claims released, violates

    the Supreme Court's holding in *Stern v. Marshall*, 564 U.S. 462 (2011). Additionally,

    does the sheer breadth of the non-debtor releases and the Bankruptcy Court's failure to

    examine each party deemed to release and be released, as well as each type of claim to be

    released, including whether such claim constitutes a core or non-core claim, preclude

    appellate review of the releases?

2. In the Brief of Appellee John P. Fitzgerald, III, Acting United States Trustee for Region

    4, the Trustee requests that the Court "(1) deem the Third-Party Release and Exculpation

    Clause to be unenforceable, or (2) in the alternative, to deem all Releasing Parties to have

    opted out of the Third-Party Release and Exculpation Clause." (ECF No. 35 at 51.) In

    the supplemental briefs, the parties shall address the precise remedy that the Court should

grant if the Court finds the non-debtor releases and/or exculpation clause to be unenforceable and finds that this appeal is not equitably moot.

3.  In the Response Brief for Appellee Mahwah Bergen Retail Group, Inc., Appellee claims that this appeal is equitably moot, in part because the non-debtor releases and exculpation clause are nonseverable from the Plan. (ECF No. 43 at 34-35.) In addressing the appropriate remedy, Appellee shall state whether it would continue to take this position if the Court finds the two provisions unenforceable and the appeal not equitably moot. If so, does a finding that the provisions lack enforceability necessitate a remand to the Bankruptcy Court to unwind the Plan? Likewise, Appellants shall address whether the Plan's "Nonseverability of Plan Provisions" permits the relief that they request.

4.  If the Court finds the non-debtor releases and/or the exculpation clause unenforceable, and finds that the provisions cannot be severed from the Plan, such that the case must be remanded to the Bankruptcy Court, can the Court further order the Bankruptcy Court to review the attorneys' fees approved in this case for excessiveness and clawback any such excessive fees?

5.  Finally, each party shall identify the attorney who will argue on its behalf on December 20, 2021, who will be seated at counsel table for each party and the vaccination status of each person who will be seated at counsel table.

The Clerk is directed to file this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: November 18, 2021