**Nos. 3:21-cv-167-DJN (Lead), 3:21-cv-166 & 3:21-cv-00205 (Consolidated)**

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

In re Retail Group Inc., et al.,

*Debtors*,

Joel Patterson, et al. & John P. Fitzgerald, III,
Acting United States Trustee for Region 4,

*Appellants*,

v.

Mahwah Bergen Retail Group, Inc.,

*Appellee.*

On Appeal from the United States Bankruptcy Court
for the Eastern District of Virginia
Bankruptcy Case No. 20-33113-KRH

## THIRD SUPPLEMENTAL BRIEF FOR APPELLEE MAHWAH BERGEN RETAIL GROUP, INC.

| | |
|---|---|
| George W. Hicks, Jr. (*pro hac vice*) | Cullen D. Speckhart (VSB 79096) |
| Andrew C. Lawrence (*pro hac vice*) | *Counsel of Record* |
| Kirkland & Ellis LLP | Olya Antle (VSB 83153) |
| 1301 Pennsylvania Avenue, NW | Cooley LLP |
| Washington, DC 20004 | 1299 Pennsylvania Avenue, NW |
| (202) 389-5000 | Suite 700 |
| george.hicks@kirkland.com | Washington, DC 20004 |
| | (202) 842-7800 |
| Edward O. Sassower, P.C. | cspeckhart@cooley.com |
| Steven N. Serajeddini, P.C. | |
| Kirkland & Ellis LLP | John R. Luze |
| 601 Lexington Avenue | Kirkland & Ellis LLP |
| New York, NY 10022 | 300 North LaSalle Street |
| (202) 446-4800 | Chicago, IL 60654 |
| | (312) 862-2000 |

*Counsel for Appellee Mahwah Bergen Retail Group, Inc.*

Date: December 16, 2021

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ..........................................................................................................................1

CONCLUSION.......................................................................................................................4

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Christopher v. SmithKline Beecham Corp.*,
  567 U.S. 142 (2012) ...................................................................................................4

*In re Close*,
  384 B.R. 856 (D. Kan. 2008) ......................................................................................2

*In re GWI PCS 1 Inc.*,
  230 F.3d 788 (5th Cir. 2000) ......................................................................................2

*In re Kainos Partners Holding Co.*,
  2012 WL 6028927 (D. Del. Nov. 30, 2012) ............................................................1, 2

*In re LSC Commc'ns, Inc.*,
  631 B.R. 818 (S.D.N.Y. 2021) .................................................................................2, 3

*In re Nellson Nutraceutical, Inc.*,
  2008 WL 4532514 (D. Del. Oct. 9, 2008) ...................................................................2

*In re S.S. Retail Stores Corp.*,
  216 F.3d 882 (9th Cir. 2000) ...................................................................................2, 3

*In re Zenith Elecs. Corp.*,
  329 F.3d 338 (3d Cir. 2003) ....................................................................................2, 3

*Mac Panel Co. v. Va. Panel Corp.*,
  283 F.3d 622 (4th Cir. 2002) ......................................................................................4

*OPM v. Richmond*,
  496 U.S. 414 (1990) ...................................................................................................3

*United Artists Theatre Co. v. Walton*,
  315 F.3d 217 (3d Cir. 2003) ........................................................................................2

*United States v. California*,
  332 U.S. 19 (1947) .....................................................................................................3

*United States v. Marine Shale Processors*,
  81 F.3d 1329 (5th Cir. 1996) ......................................................................................3

# ARGUMENT

Ascena Retail Group, Inc. and its affiliated debtors ("Ascena") respectfully submit this supplemental brief pursuant to the Court's order dated December 13, 2021 ("Order"). *See* Dkt.63. The Order asks the parties to identify (1) "any cases where the court has applied equitable mootness to a bankruptcy appeal brought by the United States Trustee" and (2) "any cases where the court has ruled that equitable mootness does not apply to bankruptcy appeals brought by the United States Trustee." Order.1. As Ascena stated in its merits brief, "[n]o court has held" that U.S. Trustee-initiated appeals are immune from the doctrine of equitable mootness. Ascena.Br.38. And as explained below, that statement remains accurate.

1.   At least one court has squarely "applied equitable mootness to a bankruptcy appeal brought by the United States Trustee." Order.1. In *In re Kainos Partners Holding Co.*, 2012 WL 6028927 (D. Del. Nov. 30, 2012), the U.S. Trustee appealed an order approving a "global settlement" among the debtors, their secured lenders, and the official committee of unsecured creditors that provided for a "sale of substantially all of the Debtors' assets." *Id.* at *1. The U.S. Trustee argued that it was not seeking to "reverse either the sale of estate assets or the Settlement Agreement" but asking only to "vacate … that portion of the settlement agreement directing the estate to use the designated funds solely to pay the Committee's lawyers and financial advisors and the general unsecured creditors." *Id.* at *2. Judge Stark of

the District of Delaware dismissed the appeal as equitably moot, explaining, *inter alia*, that the settlement agreement's "implementation was not stayed"; that "the terms of the settlement have been substantially consummated"; and that "[t]he UST's requested relief would impact numerous third parties not before the Court." *Id.* at *3; *see also id.* (stating that "even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable").

  **2.** Furthermore, although several courts have declined to dismiss appeals brought by the U.S. Trustee as equitably moot, none has done so based on the theory that the equitable-mootness doctrine simply does not apply when the U.S. Trustee is an appellant. *See, e.g.*, *In re Zenith Elecs. Corp.*, 329 F.3d 338 (3d Cir. 2003); *United Artists Theatre Co. v. Walton*, 315 F.3d 217 (3d Cir. 2003); *In re S.S. Retail Stores Corp.*, 216 F.3d 882 (9th Cir. 2000); *In re LSC Commc'ns, Inc.*, 631 B.R. 818 (S.D.N.Y. 2021); *In re Nellson Nutraceutical, Inc.*, 2008 WL 4532514 (D. Del. Oct. 9, 2008); *In re Close*, 384 B.R. 856 (D. Kan. 2008); *cf. In re GWI PCS 1 Inc.*, 230 F.3d 788, 791 (5th Cir. 2000) (addressing equitable mootness in appeal by Federal Communications Commission "on behalf of the United States"). If the U.S. Trustee's argument here were correct, there was no reason for any of these courts to address equitable mootness, and their extensive equitable-mootness analyses were

2

all for naught.[1]

3.  As the Court's Order recognizes, although the U.S. Trustee has argued that "equitable mootness does not apply against appeals raised by the Government," including appeals raised by the U.S. Trustee, he "does not" actually "cite any cases" to that effect. Order.1. In fact, of the U.S. Trustee's three cited cases, none even involved bankruptcy, much less the U.S. Trustee or equitable mootness. *See OPM v. Richmond*, 496 U.S. 414 (1990); *United States v. California*, 332 U.S. 19 (1947); *United States v. Marine Shale Processors*, 81 F.3d 1329 (5th Cir. 1996). Nor does the U.S. Trustee's inability to identify relevant precedent reflect a lack of opportunity. The U.S. Trustee has already had three opportunities to identify such precedent—when submitting his stay briefing to the bankruptcy court, when submitting his stay briefing to this Court, and when submitting his merits briefing—and he has failed on each occasion. "While it may be possible" that the U.S. Trustee overlooked on-point decisions after multiple searches, the "more plausible hypothesis" is that

---

[1] Although not immediately relevant to the directive in the Court's Order, it bears noting that these cases finding no equitable mootness are easily distinguished from this case. *See, e.g.*, *In re Zenith*, 329 F.3d at 346 (finding no equitable mootness because a "successful appeal" would leave challenged reorganization plan "entirely intact"); *In re LSC Commc'ns*, 631 B.R. at 823 (finding no equitable mootness where appellee "d[id] not challenge" all relevant equitable-mootness considerations); *see also S.S. Retail*, 216 F.3d at 885 (affirming district court's dismissal of U.S. Trustee's appeal based on "other equitable considerations," because "even if an appeal is not equitably moot, a court may still hold that the equities weigh in favor of dismissing the appeal").

3

no decision supports the U.S. Trustee's novel attempt to escape equitable mootness. *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 158 (2012).[2]

**4.** In the end, the absence of authority supporting the U.S. Trustee's argument is no surprise. The equitable-mootness considerations have nothing to do with an appellant's identity, much less with whether the appellant is a government entity. *See Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002). And as this case illustrates, inventing an exception for U.S. Trustee-initiated appeals would make little sense as a policy matter. Here, no party with an actual financial interest has challenged the bankruptcy court's confirmation order (the Securities Plaintiffs, of course, lack a pecuniary interest and thus bankruptcy appellate standing). Rather, each of those parties has a substantial vested interest in preserving the entire plan. To conclude that the U.S. Trustee may nonetheless sow uncertainty for all of those parties by evading a paradigmatic case of equitable mootness—simply because of who the U.S. Trustee is—would be the exact opposite of equitable.

## CONCLUSION

For the reasons set forth in Ascena's briefing, the Court should dismiss this appeal as equitably moot or, in the alternative, affirm the bankruptcy court.

---

[2] Despite an extensive review of the caselaw, Ascena is not aware of any decisions holding that equitable mootness does not apply in bankruptcy appeals brought by the U.S. Trustee.

|  |  |
|---|---|
|  | Respectfully submitted, |
| GEORGE W. HICKS, JR. (*pro hac vice*) | */s/ Cullen D. Speckhart* |
| ANDREW C. LAWRENCE (*pro hac vice*) | CULLEN D. SPECKHART (VSB 79096) |
| KIRKLAND & ELLIS LLP | *Counsel of Record* |
| 1301 Pennsylvania Avenue, NW | OLYA ANTLE (VSB 83153) |
| Washington, DC 20004 | COOLEY LLP |
| (202) 389-5000 | 1299 Pennsylvania Avenue, NW |
| george.hicks@kirkland.com | Suite 700 |
|  | Washington, DC 20004 |
| EDWARD O. SASSOWER, P.C. | (202) 842-7800 |
| STEVEN N. SERAJEDDINI, P.C. | cspeckhart@cooley.com |
| KIRKLAND & ELLIS LLP |  |
| 601 Lexington Avenue |  |
| New York, NY 10022 |  |
| (202) 446-4800 |  |
|  |  |
| JOHN R. LUZE |  |
| KIRKLAND & ELLIS LLP |  |
| 300 North LaSalle Street |  |
| Chicago, IL 60654 |  |
| (312) 862-2000 |  |

*Counsel for Appellee Mahwah Bergen Retail Group, Inc.*

Date: December 16, 2021

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This brief complies with this Court's December 13, 2021 order because it does not exceed 4 pages.

2. This brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the typestyle requirements of Fed. R. Bankr. P. 8015(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

Date: December 16, 2021

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: December 16, 2021

                                                */s/ Cullen D. Speckhart*
                                                Cullen D. Speckhart