Nos. 3:21-cv-167-DJN (Lead Case), 3:21-cv-166 & 3:21-CV-00205(Consolidated)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

In re RETAIL GROUP INC, *et al.*, Debtors.

JOEL PATTERSON, *et al*. & JOHN P. FITZGERALD, III,
ACTING UNITED STATES TRUSTEE FOR REGION 4, Appellants,
v.
MAHWAH BERGEN RETAIL GROUP, INC., Appellee.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Jointly Administered Bankruptcy Case No. 20-33113-KRH

## THIRD SUPPLEMENTAL BRIEF OF APPELLANTS
## JOEL PATTERSON AND MICHAELLA CORPORATION

Michael Etkin (*pro hac vice*)
Andrew Behlmann (*pro hac vice*)
Michael Papandrea (*pro hac vice*)
LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500
metkin@lowenstein.com
abehlmann@lowenstein.com
mpapandrea@lowenstein.com

Ronald A. Page, Jr.
Virginia Bar No. 71343
RONALD PAGE, PLC
P.O. Box 73087
N. Chesterfield, Virginia 23235
(804) 562-8704
rpage@rpagelaw.com

*Counsel to Appellants Joel Patterson and Michaella Corporation*

## **CORPORATE DISCLOSURE STATEMENT**

Appellant Joel Patterson is a natural person.  Appellant Michaella Corporation has no parent corporation, and no publicly held corporation owns an interest of ten percent or more in Appellant Michaella Corporation.

Joel Patterson and Michaella Corporation ("Appellants"), court-appointed lead plaintiffs in *In re Ascena Retail Group, Inc. Securities Litigation*, Case No. 19-cv-13529 (D.N.J.) and appellants in two of the three above-captioned consolidated appeals (the "Appeals")[1] from orders entered by the Bankruptcy Court in the chapter 11 bankruptcy cases of the appellee ("Appellee") and its affiliated debtors (collectively with Appellee, the "Debtors"), hereby submit this supplemental brief pursuant to the Court's order entered on December 13, 2021 [ECF No. 63], and respectfully state as follows in response to such order:[2]

1.   *Identify[] any cases where the court has ruled that equitable mootness does not apply to bankruptcy appeals brought by the United States Trustee and any cases where the court has applied equitable mootness to a bankruptcy appeal brought by the United States Trustee.*

The Appellants are unaware of any cases where courts have specifically ruled that equitable mootness does not apply to bankruptcy appeals brought by the United States Trustee.  Appellants are aware of several decisions, all from outside of this Circuit, in which courts evaluated bankruptcy appeals brought by the United States Trustee under the doctrine of equitable mootness:

---

[1]   These two Appeals have been consolidated with a third appeal brought by the United States Trustee for Region 4 for procedural purposes but not for purposes of decision.

[2]   Capitalized terms used but not otherwise defined herein have the meanings given thereto in Appellants' prior briefing.

- *In re Kainos Partners Holding Co., LLC*, 2012 WL 6028927 (D. Del. Nov. 30, 2012):  The Delaware District Court dismissed an appeal by the United States Trustee as equitably moot where the relief sought "would impact numerous third parties . . . namely . . . unsecured creditors, and would affect the success of" a global settlement that facilitated incremental debtor-in-possession financing to enable the debtor to conduct a sale process.

- *In re Zenith Electronics Corp.*, 2002 WL 226242 (D. Del. Feb. 11, 2002), *rev'd*, 329 F.3d 338 (3d Cir. 2003):  The Delaware District Court dismissed as equitably moot the United States Trustee's appeal from an order approving legal fees for an unofficial committee of equity holders.  The Third Circuit reversed, finding that the District Court abused its discretion in finding that the "substantial consummation" factor favored dismissal, since disgorging professional fees does not risk "unscrambling complex bankruptcy reorganizations[.]" *Zenith*, 329 F.3d at 347-48.

- *In re S.S. Retail Stores Corp.*, 216 F.3d 882 (9th Cir. 2000):  The Ninth Circuit held that an appeal by the United States Trustee was not equitably moot because the relief sought – disgorgement of fees and expenses awarded to debtor's counsel – could be provided without unraveling the plan.

None of the aforementioned decisions involved an appeal from a plan confirmation order or a challenge to an inappropriate third-party release.  In fact,

these decisions illustrate why the relief sought by Appellants should be granted:  The narrowly tailored relief that Appellants seek would not require this Court to "unscramble" the Plan, nor would it impact the liquidation and other transactions undertaken pursuant to the Plan in any way.

Dated: December 16, 2021                     Respectfully submitted,

Michael Etkin (*pro hac vice*)                */s/ Ronald A. Page, Jr.*
Andrew Behlmann (*pro hac vice*)           Ronald A. Page, Jr.
Michael Papandrea (*pro hac vice*)          Virginia Bar No. 71343
LOWENSTEIN SANDLER LLP                 RONALD PAGE, PLC
One Lowenstein Drive                        P.O. Box 73087
Roseland, New Jersey 07068                 N. Chesterfield, Virginia 23235
(973) 597-2500                             (804) 562-8704
metkin@lowenstein.com                     rpage@rpagelaw.com
abehlmann@lowenstein.com
mpapandrea@lowenstein.com

*Counsel to Appellants Joel Patterson and Michaella Corporation*

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing compiles with the type-volume limitations applicable under this Court's *Order (Requiring Supplemental Briefing)* entered on December 13, 2021 because it does not exceed four (4) pages.

I further certify that the foregoing complies with the typeface and type style requirements because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

By    /s/ *Ronald A. Page, Jr.*
Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 16, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By      /s/ *Ronald A. Page, Jr.*
          Counsel