Nos. 3:21-cv-167-DJN (Lead Case), 3:21-cv-166 & 3:21-CV-00205 (Consolidated)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

In re RETAIL GROUP INC., *et al.*, Debtors.

JOEL PATTERSON, *et al.* & JOHN P. FITZGERALD, III,
ACTING UNITED STATES TRUSTEE FOR REGION 4, Appellants,
v.
MAHWAH BERGEN RETAIL GROUP, INC., Appellee.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**BRIEF IN RESPONSE TO COURT'S ORDER OF DECEMBER 13, 2021,
BY APPELLANT JOHN P. FITZGERALD, III,
ACTING UNITED STATES TRUSTEE FOR REGION 4**

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
SUMI SAKATA
Trial Attorney

Department of Justice
Executive Office for United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
Tel: (202) 307-1399
sumi.sakata@usdoj.gov

JOHN P. FITZGERALD, III
Acting United States Trustee for Region 4
KATHRYN R. MONTGOMERY
Assistant United States Trustee
HUGH M. BERNSTEIN
Trial Attorney

Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330
kathryn.montgomery@usdoj.gov
hugh.m.bernstein@usdoj.gov

Pursuant to the Court's Order Requiring Additional Briefing dated December 13, 2021, the United States Trustee files this brief in response, "identifying any cases where the court has ruled that equitable mootness does not apply to bankruptcy appeals brought by the United States Trustee and any cases where the court has applied equitable mootness to a bankruptcy appeal brought by the United States Trustee."

The United States Trustee Program has been involved in over 2,000 appellate matters since December of 1998, including more than 200 affirmative appeals. Although the U.S. Trustee Program does not collect information regarding motions to dismiss specifically on equitable mootness grounds, it has conducted research through Westlaw to respond to the Court's question.

We have identified one case that held that the United States Trustee could not pursue an appeal based on equitable mootness grounds. *In re Kainos Partners Holding Co., LLC*, No. 09-12292, 2012 WL 6028927 (D. Del. Nov. 30, 2012), involved a structured dismissal that violated the Bankruptcy Code's priority scheme. The Supreme Court ultimately vindicated the United States Trustee's position that such structured dismissals were impermissible. *See In re Jevic Holding Corp.*, 787 F.3d 173, 181 n. 5 (3d Cir. 2015) (listing *Kainos* as example of structured dismissal and holding bankruptcy courts may permit them in "rare" cases), *rev'd and remanded sub nom. Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017). *Kainos*'s dismissal of the

1

government's appeal for equitable mootness thus allowed the parties to violate the Bankruptcy Code and highlights why such dismissals are improper.

We identified four other cases in which the court considered whether equitable mootness applied to a bankruptcy appeal brought by the United States Trustee. In all four of these cases, the ultimate ruling on appeal was that dismissal on such grounds was unwarranted: *In re LSC Commc'ns, Inc.*, 631 B.R. 818, 821 (S.D.N.Y 2021); *In re Zenith Elecs. Corp.*, 329 F.3d 338, 340 (3d Cir. 2003) (reversing district court dismissal of United States Trustee's appeal for equitable mootness); *United Artists Theater v. Walton*, 315 F.3d 217, 228 (3d Cir. 2003); *In re S.S. Retail Stores Corp.*, 216 F.3d 882, 884-85 (9th Cir. 2000).

We have not identified any case, including these, in which a court declined to apply equitable mootness to an appeal by the United States Trustee because of his status as the United States Trustee. Nevertheless, that courts have not passed upon the issue does not vitiate the principle—noted in the United States Trustee's reply brief at ECF p. 30 and further discussed below—that a prudential doctrine should not prohibit the exercise of the United States Trustee's statutory duties.

A judicially created rule like equitable mootness cannot override Congress's mandate to the United States Trustees in 11 U.S.C. § 307 and 28 U.S.C. § 586. "Confronted with the choice between a specific Congressional enactment and a judge-made rule that might be read to conflict with the statute, a federal court is bound to follow the clear intent of Congress." *Mayweathers v. Terhune*, 328 F. Supp. 2d 1086,

2

1102 (E.D. Cal. 2004). Even if equitable mootness applied on these facts—which they do not, *see* UST Reply at ECF pp. 23-29—it may not thwart the United States Trustee in the exercise of his duty to vindicate the Bankruptcy Code and process.

As explained by the Solicitor General, it is the position of the United States that equitable mootness does not apply to appeals brought by the government acting in the public interest. Pet'n for a Writ of Certiorari, *United States v. GWI PCS 1, Inc.*, No. 00–1621, 2001 WL 34124814, at *24-25 (Apr. 2001) ("[I]t was improper for the court of appeals to apply equitable mootness–a doctrine that until now had been used exclusively to deny the financial claims of private parties–to defeat the government's assertion of its regulatory powers".) The Solicitor General further noted that the Supreme Court "has repeatedly rejected efforts to deprive the government of public rights using doctrines based on equity or developed for the resolution of private disputes." *Id.* at *24. For the same reason, this Court should decline to apply equitable mootness to dismiss the United States Trustee's appeal.

As recognized by the Fourth Circuit, "Congress created the office of United States trustee to 'fill the vacuum of lack of creditor participation,', and to create an 'enforcer[ ] of the bankruptcy laws [who would bring] proceedings in the bankruptcy courts in particular cases in which a particular action taken or proposed to be taken deviate[d] from the standards established by the ... bankruptcy code.'" *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1986) (quoting H.R. Rep. No. 95-595 at 100, 109 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6061, 6070.

3

Courts of appeals, including the Fourth Circuit, have affirmed that United States Trustees possess broad statutory rights to protect the public interest. *See*, *e.g.*, *A-1 Trash Pickup, Inc.*, 802 F.2d at 775; *Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 161 (2d Cir. 2010); *United Artists Theater Co.*, 315 F.3d at 225; *In re Plaza de Diego Shopping Center, Inc.*, 911 F.2d 820 (1st Cir. 1990); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990). Congress charged United States Trustees with the duty, among others, to "supervise the administration of cases," including "monitoring plans and disclosure statements filed in cases under chapter 11." 28 U.S.C. § 586(a)(3). That is what the United States Trustee is doing here.

And the ability to appeal is part and parcel of the United States Trustee's "role as a 'watchdog' over the bankruptcy process who must see that the bankruptcy laws are enforced." *In re Clark*, 927 F.2d 793, 795 (4th Cir. 1991). As the Fourth Circuit recognized in *Clark*, when Congress wanted to limit the government's right to act as an appellant in bankruptcy, it did so expressly. *Id.* at 796. Thus, for example, Congress statutorily allows the Securities & Exchange Commission to be heard on any issue in a bankruptcy case but prohibits the agency from appealing any bankruptcy court rulings. *Id.* (citing 11 U.S.C. § 1109(a)). The same is true for the Interstate Commerce Commission and the Department of Transportation in railroad bankruptcy cases; they may be heard but are prohibited from taking appeals. *Id.* (citing 11 U.S.C. § 1164). It is dispositive that Congress elected not to limit the United States Trustee's statutory authority in this way.

4

                                                        Respectfully submitted,

December 16, 2021                    JOHN P. FITZGERALD, III,
                                                        ACTING UNITED STATES
                                                        TRUSTEE FOR REGION FOUR

                                                        By: /s/ Kathryn R. Montgomery
                                                        Kathryn R. Montgomery
                                                        Assistant United States Trustee
                                                        United States Department of Justice
                                                        Office of the United States Trustee
                                                        701 East Broad Street, Suite 4304
                                                        Richmond, Virginia 23219
                                                        Tel.: (804) 771-2310
                                                        Fax: (804) 771-2330

| | |
|---|---|
| RAMONA D. ELLIOTT | JOHN P. FITZGERALD, III |
| Deputy Director/General Counsel | Acting United States Trustee for Region 4 |
| P. MATTHEW SUTKO | KATHRYN R. MONTGOMERY |
| Associate General Counsel | Assistant United States Trustee |
| SUMI SAKATA | HUGH M. BERNSTEIN |
| Trial Attorney | Trial Attorney |
| | |
| Department of Justice | Department of Justice |
| Executive Office for | Office of the United States Trustee |
| United States Trustees | 701 East Broad Street, Suite 4304 |
| 441 G Street, NW, Suite 6150 | Richmond, Virginia 23219 |
| Washington, DC 20530 | Tel: (804) 771-2310 |
| Tel: (202) 307-1399 | |
| Fax: (202) 307-2397 | kathryn.montgomery@usdoj.gov |
| sumi.sakata@usdoj.gov | hugh.m.bernstein@usdoj.gov |

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY, that on this 16th day of December 2021, a copy of the foregoing brief was filed electronically in the United States District Court for the Eastern District of Virginia and that according to the Court's CM/ECF system, all parties entitled to service will receive service electronically.

/s/ Kathryn R. Montgomery
Kathryn R. Montgomery
