**Nos. 3:21-cv-167-DJN (Lead), 3:21-cv-166 & 3:21-cv-00205 (Consolidated)**

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

———————————

IN RE RETAIL GROUP INC., ET AL.,

*Debtors*,

———————————

JOEL PATTERSON, ET AL. & JOHN P. FITZGERALD, III,
ACTING UNITED STATES TRUSTEE FOR REGION 4,

*Appellants*,

v.

MAHWAH BERGEN RETAIL GROUP, INC.,

*Appellee.*

———————————

On Appeal from the United States Bankruptcy Court
for the Eastern District of Virginia
Bankruptcy Case No. 20-33113-KRH

———————————

**APPELLEE MAHWAH BERGEN RETAIL GROUP, INC.'S RESPONSE
TO APPELLANTS' NOTICES OF SUPPLEMENTAL AUTHORITY**

———————————

GEORGE W. HICKS, JR. (*pro hac vice*)
ANDREW C. LAWRENCE (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
george.hicks@kirkland.com

EDWARD O. SASSOWER, P.C.
STEVEN N. SERAJEDDINI, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(202) 446-4800

CULLEN D. SPECKHART (VSB 79096)
*Counsel of Record*
OLYA ANTLE (VSB 83153)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
(202) 842-7800
cspeckhart@cooley.com

JOHN R. LUZE
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

*Counsel for Appellee Mahwah Bergen Retail Group, Inc.*

Date: December 17, 2021

Ascena respectfully submits this response to the two Notices of Supplemental Authority regarding the *In re Purdue Pharma* decision. That decision is largely irrelevant to this appeal, but, if anything, it underscores the propriety of the Third-Party-Release Provision.

*First*, the *Purdue* district court held that the bankruptcy court lacked constitutional authority to enter a final order authorizing the third-party release in the reorganization plan there. The court considered the "operative proceeding" to be not the plan confirmation proceeding but instead the purported extinguishment of the third-party claims, which it deemed sufficiently unrelated to bankruptcy or a federal statutory scheme. Op.75-81. In so holding, the court departed from the Third Circuit's decision in *In re Millennium Lab Holdings II, LLC.*, 945 F.3d 126, 137 (3d Cir. 2019) ("[T]he Bankruptcy Court possessed constitutional authority to confirm the plan containing the release provisions[.]"), and its prior decision in *In re Kirwan Offices S.a.r.l.*, 592 B.R. 489, 511 (S.D.N.Y. 2018) ("Rather than constituting an adjudication of the merits of third-party claims, involuntary third-party releases merely extinguish those claims as part of a core bankruptcy process[.]"). For these and other reasons Ascena has set forth, Ascena.Br.52-60, Ascena.Second.Supp.Br.1-7, it is highly questionable whether this analysis will survive Second Circuit review.[1]

---

[1] The district court denied that it reversed course from *Kirwan* because, there, "all parties had consented to the bankruptcy court's exercise of jurisdiction." Op.80

Regardless, as the *Purdue* district court observed, the "practical impact" of its constitutional holding "is non-existent." Op.81 n.54. As the court explained, if a bankruptcy court lacks constitutional authority to enter final judgment, its opinion is "tendered as proposed findings of fact and conclusions of law," both of which a district court "review[s] *de novo*." Op.81. But no party had "challenged any … findings of fact," and a district court always reviews a bankruptcy court's legal conclusions *de novo*.

So too here. No party has challenged the bankruptcy court's factual findings, and understandably so, since nobody except Ascena submitted evidence in support of the Third-Party-Release Provision. In particular, no Appellant has challenged the bankruptcy court's factual findings, based on the uncontroverted evidence, that the plan's releases are "integral" and "essential" to the entire plan. UST.App.2547, 2549, 2866, 2875. Accordingly, while the "practical impact" of adopting the *Purdue* district court's reasoning here would likewise be "non-existent," the entire exercise only reinforces the uncontested factual findings supporting Ascena.

*Second*, the *Purdue* district court held that the bankruptcy court lacked statutory authority to approve the releases at issue. Op.92-137. The district court's tenuous reasoning again may not survive Second Circuit review, not least given the

---

n.53. But that was the court's *alternative* holding, after it held that the bankruptcy court possessed constitutional authority to approve the releases. 92 B.R. at 509.

court's admission that "the invalidating of these releases will almost certainly lead to the undoing of a carefully crafted plan that would bring about many wonderful things." Op.137.  Regardless, the court's holding does not support Appellants—and instead supports Ascena—for two reasons.

For one, the *Purdue* release was *nonconsensual*, as the district court repeatedly noted.  The court referred to the release's "nonconsensual" nature no fewer than *29* times, and it even expressly provided a "caveat" that "[t]he topic under discussion is a bankruptcy court's power to release, on a *non-consensual* basis," third-party claims against non-debtors.  Op.93 (emphasis added).  Here, however, the Third-Party-Release Provision is *consensual* given its opt-out mechanism.  Indeed, the U.S. Trustee objected to the *Purdue* third-party release as an impermissible nonconsensual release *precisely because it lacked an opt-out mechanism*.  *See* Ascena.First.Supp.Br.10-11.  Under the U.S. Trustee's own theory in *Purdue*, therefore, the Third-Party-Release Provision is consensual.

For another, the *Purdue* district court acknowledged that the Fourth Circuit has squarely held that the Bankruptcy Code *does* authorize third-party releases.  *See* Op.119.  Moreover, the *Purdue* court made this observation while canvassing "the law in the various Circuits on the subject of *non-consensual* release[s] of third-party claims against non-debtors," Op.103 (emphasis added), thus confirming Ascena's argument that the considerations outlined in Fourth Circuit cases like *Behrmann v.*

3

*Nat'l Heritage Found., Inc.*, 663 F.3d 704 (4th Cir. 2012), do not apply to *consensual* releases like the Third-Party-Release Provision. See Ascena.Br.60-63.

Respectfully submitted,

| | |
|---|---|
| GEORGE W. HICKS, JR. (*pro hac vice*) | */s/ Cullen D. Speckhart* |
| ANDREW C. LAWRENCE (*pro hac vice*) | CULLEN D. SPECKHART (VSB 79096) |
| KIRKLAND & ELLIS LLP | *Counsel of Record* |
| 1301 Pennsylvania Avenue, NW | OLYA ANTLE (VSB 83153) |
| Washington, DC 20004 | COOLEY LLP |
| (202) 389-5000 | 1299 Pennsylvania Avenue, NW |
| george.hicks@kirkland.com | Suite 700 |
| | Washington, DC 20004 |
| EDWARD O. SASSOWER, P.C. | (202) 842-7800 |
| STEVEN N. SERAJEDDINI, P.C. | cspeckhart@cooley.com |
| KIRKLAND & ELLIS LLP | |
| 601 Lexington Avenue | |
| New York, NY 10022 | |
| (202) 446-4800 | |
| | |
| JOHN R. LUZE | |
| KIRKLAND & ELLIS LLP | |
| 300 North LaSalle Street | |
| Chicago, IL 60654 | |
| (312) 862-2000 | |

*Counsel for Appellee Mahwah Bergen Retail Group, Inc.*

Date: December 17, 2021

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This response to the two Notices of Supplemental Authority filed by Appellants complies with Federal Rule of Bankruptcy Procedure 8014(f) because it contains 694 words.

2. This brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the typestyle requirements of Fed. R. Bankr. P. 8015(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

Date: December 17, 2021

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Virginia by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: December 17, 2021

                                              */s/ Cullen D. Speckhart*
                                              Cullen D. Speckhart