IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOEL PATTERSON, *et al.*,
    Appellants,

v.                                                    Civil No. 3:21cv167 (DJN)

MAHWAH BERGEN RETAIL GROUP, INC.
    Appellee.

## ORDER
### (Adopting Report and Recommendation With Modification)

This matter comes before the Court on the Bankruptcy Court's Report and Recommendation ((("R&R") (ECF No. 84)), recommending approval of the Fee Applications filed in the underlying Bankruptcy Action.[1] On January 13, 2022, this Court entered an order vacating the Bankruptcy Court's confirmation of the Chapter 11 Plan and remanding the case to the Bankruptcy Court[2], accompanied by a Memorandum Opinion. (ECF Nos. 79-80.) That same day, the Court entered the Fee Order, requiring that, for any further petitions for approval of attorneys' fees in the Bankruptcy Action, the Bankruptcy Court submit proposed findings of fact and conclusions of law to this Court, pursuant to 28 U.S.C. § 157(c)(1). (("Fee Order") ECF No. 81.) Additionally, the Court ordered that "any attorneys' fees approved in this case shall not be for rates that exceed the prevailing market rates in the Richmond Division of the Eastern District of Virginia." (Fee Order at 1.)

---

[1]     In re Retail Group, Inc., *et al.*, Case No. 20-331133 in the United States Bankruptcy Court for the Eastern District of Virginia. Filings on the docket in the Bankruptcy Action will be referred to as "BK ECF No. __."

[2]     The Court also ordered that the Bankruptcy Case be reassigned to a different Bankruptcy Judge. Accordingly, the case was reassigned to Chief Bankruptcy Judge Frank J. Santoro.

Following the remand of the Bankruptcy Case, on February 15, 2022, the Bankruptcy Court promulgated amendments to its Local Rules concerning the assignment of mega and complex chapter 11 cases. Under the new amended rules, a mega bankruptcy case is now assigned randomly to a Bankruptcy Judge in the District, but not necessarily in the Division in which the case was filed.[3] Accordingly, the Court ordered the Bankruptcy Court to consider the impact of the amended rules in determining the appropriate rate of compensation in this case. (ECF No. 83.)

On March 3, 2022, the Bankruptcy Court entered an order confirming a Modified Chapter 11 Plan. (BK ECF No. 2611.) On May 26, 2022, Cooley LLP filed its fee application ("Cooley Application" (BK ECF No. 2700)), Pachulski Stang Ziehl & Jones LLP filed its fee application ("Pachulski Application" (BK ECF No. 2705)) and Hirschler Fleischer, P.C. filed its fee application ("Hirschler Application" (BK ECF No. 2706)), all seeking approval of the fees and expenses that they have incurred since the Court remanded this case to the Bankruptcy Court (collectively, the "Fee Applications").

On August 30, 2022, the Bankruptcy Court entered its Report and Recommendation, recommending that the Court approve the Fee Applications. The Bankruptcy Court approved the rates requested, although they exceeded the prevailing rates in the Eastern District of Virginia. No party objected to the Report and Recommendation, and the time to object has expired. Having reviewed the Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation (ECF No. 84) as the opinion of the Court, subject to the modifications below. The Court hereby APPROVES the Hirschler Application (BK ECF No. 2706), the Pachulski Application (BK ECF No. 2705) and the Cooley Application (BK ECF No. 2700).

---

[3] https://www.vaeb.uscourts.gove/sites/vaeb/files/20220215_EDVA%20LBRs%20Revision%20Packagate.pdf

2

Due to the unique procedural history of this case and the impact of the amendment of the rules regarding assignment of mega bankruptcy cases, the Court agrees with the Bankruptcy Court's analysis that this case warrants rates exceeding the prevailing market rates in the Eastern District of Virginia. As the Bankruptcy Court noted, the new assignment procedures will have an impact on the prevailing market rates, as a mega case filed in a certain Division could be assigned to a different Division within the District. (R&R at 4, n.5.) Accordingly, moving forward, the Bankruptcy Court will consider the prevailing market rates of the District, rather than the specific Division. Here, Debtors filed the case before the amendment to the reassignment rules, and the Bankruptcy Court properly factored the amendments into the rates approved.

The Court modifies the Report and Recommendation in a limited manner regarding the analysis for future mega cases as a result of the amendment to the Local Rules concerning the districtwide assignment of these cases. In future mega cases, the "yardstick" for the rate calculation must begin with the prevailing rates in this District, not a national rate as suggested by Chief Judge Santoro. To warrant elevation of the District's rates in a particular mega case, the Bankruptcy Court must make specific findings of fact that address the factors enumerated in 11 U.S.C. § 330(a)(3) and the *Johnson* factors, as adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974)), particularly with respect to the complexity of the case. As Chief Judge Santoro accurately stated: "What is necessary and reasonable in one case may be totally inappropriate in another." (R&R at 29.) Consequently, the appropriate rate calculation in a mega case must be determined on a case-by-case basis with detailed findings addressing the

§ 330(a)(3) and *Johnson* factors in each individual case.

The Clerk is directed to file this Order electronically, notify all counsel of record and forward a copy to the chambers of Chief United States Bankruptcy Judge Frank J. Santoro.

It is so ORDERED.

\_\_\_\_/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: September 16, 2022